MACE J. YAMPOLSKY, LTD.
MACE J. YAMPOLSKY, ESQ.
Nevada Bar No.: 001945
625 S. Sixth Street
Las Vegas, Nevada 89101
(702) 385-9777
*Attorney for Defendant,*
*RODOLFO RODRIGUEZ CABRERA*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE: 2:09-cr-00173-PMP (PAL) |
| | ) |
| RODOLFO RODRIGUEZ CABRERA, | ) **REPLY TO UNITED STATES** |
| | ) **RESPONSE TO RODOLFO** |
| Defendant. | ) **CABRERA'S SENTENCING** |
| | ) **MEMORANDUM** |

COMES NOW Defendant, RODOLFO RODRIGUEZ CABRERA, by and through his attorney of record, MACE J. YAMPOLSKY, ESQ., and replies to the UNITED STATES OF AMERICA's Response to Rodolfo Cabrera's Sentencing Memorandum.

This reply is made and based on all the pleadings and papers filed herein, the Memorandum of Points and Authorities attached hereto, and any argument adduced at the time of hearing.

On or about April 22, 2009, the Defendant, Rodolfo Rodriguez Cabrera (hereinafter "Mr. Cabrera"), was formally indicted by Grand Jury of Conspiracy, Criminal Copyright Infringment, Trafficking in Counterfeit Labels, and Trafficking in Counterfeit Goods. Following this indictment, the United States of America sought to have Mr. Cabrera, a citizen of Latvia, extradited to the United States.

The Latvian authorities, after receiving the request for indictment, took Mr. Cabrera into custody and placed him in confinement on April 15, 2009. *See Exhibit 1, copy of Latvian Judgment Letter.* Mr. Cabrera remained detained by Latvian authorities pending review by a Latvian magistrate until April 17, 2009 after which the Latvian examining judge released Mr. Cabrera from formal confinement, and he was thereafter placed under continuous home restraint. *See Exhibit 1, page 2.* Mr. Cabrera remained under house arrest pursuant to the federal warrant until June 9, 2009 when he was transferred to prison pending his extradition to the United States. *See Exhibit 2, Reference Letter from Prison Administration of the Republic of Latvia.*

Mr. Cabrera was formally transferred from the Latvian penitentiary and extradited on October 23, 2009 after spending six months under a combination of house arrest and formal imprisonment. *See Exhibit 2.* On May 6, 2010 Mr. Cabrera accepted responsibility for his prior actions and entered into a plea agreement in this case   A Sentencing Memorandum was then filed asking the court to take judicial notice of the time Mr. Cabrera had already spent in incarceration based on the federal warrant so that a record may be maintained for convenience in determining credit awarded to Mr. Cabrera in conjunction with 18 USC 3585(b).

18 USC 3585(b) Calculation of a Term of Imprisonment provides in pertinent part

> (b) **Credit for Prior Custody.** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

The United States of America misinterprets the purpose of the initial memorandum. The defendant does not deny that the Bureau of Prisons is the agency charged with administering the credit statute. Reno v. Koray, 515 U.S. 50, 60, 115 S.Ct. 2021, 2026 (1995) *citing* United States v. Wilson, 503 U.S. 329, 334-335 (1992). The defendant understands that pursuant to the Court's decision in Wilson, it is for the Attorney General to compute the amount of credit earned according to 18 USC 3585(b). 503 U.S. at 337.

Indeed, the Bureau of Prison's own program statements (P5880.30; P5880.28, Sentence Computation Manual (CCCA 1984); and P5880.32, District of Columbia Sentence Computation Manual) indicate that in computing sentencing terms credit shall be given for all time spent in non-federal or foreign custody when the underlying basis for custody in fact is a federal warrant. The purpose of this memorandum is to merely ask the court to take judicial notice of the fact that Mr. Cabrera did indeed spend 192 days in detention in Latvia pursuant to the federal warrant issued against him. It is not the defendant's intention to have the court compute the credit but instead to facilitate a record by which the Bureau of Prison's Chief of Inmate Systems Management may use when making the final computation.

Mr. Cabrera therefore respectfully requests that the Court take notice of the time served by Mr. Cabrera in Latvia while awaiting extradition for this case. Specifically, Mr. Cabrera asks the court to take note of time spent beginning April 15, 2009 when he was first imprisoned, through his house arrest and then incarceration with the Latvia penitentiary ending October 23, 2009. The entire accrued time prior to Mr. Cabrera's extradition to the United States comprises 192 days. Furthermore, since he was extradited, Mr. Cabrera has spent an additional 301 days as of August 20, 2010.

Based upon the aforementioned memorandum, Defendant RODOLFO RODRIGUEZ CABRERA, respectfully requests that the court take judicial notice of the 192 days he was detained in Latvia as well as the 301 days spent in the U.S..

DATED this 19th day of August, 2010.

MACE J. YAMPOLSKY, LTD.


_____/S/_____
MACE J. YAMPOLSKY, ESQ.
Nevada Bar No.  001945
625 South Sixth Street
Las Vegas, NV 89101